VELIE *v.* INGHAM COUNTY ROAD COMMISSION.

1. WORKMEN'S COMPENSATION—BURDEN OF PROOF OF DEPENDENT.
   The burden of proof to establish the ground for liability of defendant employer for payment of compensation to plaintiff dependent is upon plaintiff.

2. SAME—ORDER TO TAKE FURTHER TESTIMONY—APPEAL FROM
DEPUTY COMMISSIONER—COST.

Order of department of labor and industry granting plaintiff's
petition to take further testimony at the cost and expense of
defendant is reversed as far as the cost is concerned but other-
wise affirmed where filed after defendant had raised question
on its appeal from deputy commissioner as to whether deceased
was an employee of defendant or an independent contractor.

Appeal from Department of Labor and Industry.
Submitted January 11, 1940. (Docket No. 61, Cal-
endar No. 40,822.) Decided March 15, 1940.

Mary Velie, widow, presented her claim against
Ingham County Road Commission, employer, for
compensation for death of plaintiff's decedent while
in defendant's employ. Award to plaintiff by dep-
uty commissioner. On petition of plaintiff to de-
partment for permission to take further testimony.
From order granting permission to take additional
testimony, defendant appeals. Modified and af-
firmed.

*Clyde V. King* and *William C. Brown,* for plain-
tiff.

*Kerr, Lacey & Scroggie,* for defendant.

POTTER, J. Plaintiff's decedent suffered a com-
pensable accident July 21, 1938, while in the employ
of the Ingham county road commission. Both cars
were upset and he was pinned under the body of
the truck. Defendant filed a report of compensable
accident August 4, 1938, which alleged that plain-
tiff's decedent was killed instantly. The case came
on for hearing. At the conclusion of the testimony
it was announced as "closed with this exception, that
the parties will confer and examine the record of
the Ingham county road commission to determine

the basis of computation for compensation if the dependents are entitled to same and such testimony will be submitted to the deputy commissioner by stipulation of counsel for the parties and such stipulation afterwards will be considered a part of the testimony in this case and upon which the deputy commissioner will arrive, together with the other testimony, at his conclusion.'' The case was then adjourned. An award was made by the deputy commissioner, whereupon defendant made an application for review in which it raised the question whether there was any evidence tending to show the deceased was engaged in the service of defendant or whether he was an independent contractor. Plaintiff then filed a petition to take additional testimony. The department of labor and industry said the petition should be granted in the furtherance of justice, and that such testimony was to be taken at the cost and expense of defendant. We think this was error.

The burden of proof was upon plaintiff to establish the ground for liability. The order of the department of labor and industry will be reversed as to the cost and expense of taking this testimony. In all other respects, it will be affirmed.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.